United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL CRUZ, JR. and | § | |
| | § | |
| BELINDA CRUZ, *individually and as next friend of B.C, Z.C, and L.C, minor children* | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 5:26-CV-315 |
| | § | |
| VS. | § | |
| | § | |
| EFRAN MORALES SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for proposed approval is the settlement of the claims of minor Plaintiffs B.C., Z.C., and L.C. (Dkt. Nos. 9, 11, 15, 17, 19, 22, 23, 24, 27). A hearing was held on the proposed settlements on October 28, 2026. (Minute Entry Dated October 28, 2026). For the reasons stated below, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to minor Plaintiffs B.C., Z.C., and L.C.

## I. BACKGROUND

On January 15, 2026, Plaintiffs Victor Manuel Cruz, Jr. and Belinda Cruz filed this suit individually and as next friend of minor Plaintiffs, B.C., Z.C., and L.C. (Dkt. No. 1-1 at 1). Plaintiffs alleged negligence, respondeat superior, and negligent entrustment causes of action against Defendants. (Dkt. No 1-1 at 5–7). On August 14, 2026, and August 18, 2026, Plaintiffs filed an advisory informing the Court the parties reached full settlement agreements for all plaintiffs and asking for the Court to approve the settlement agreements for each minor plaintiff. (Dkt. Nos. 9, 11).[1] The parties further represented that, although

[1] The Undersigned notes these pleadings are identical.

there are three minor plaintiffs, the appointment of a guardian ad litem was not necessary. (*Id.* at 1, 2).

On August 25, 2026, the Court ordered the parties to file additional briefing explaining why the appointment of a guardian ad litem was not necessary. (Dkt. No. 13). *See also* Fed. R. Civ. P. 17(c)(2). On August 28, 2026, and September 1, 2026, the Plaintiffs filed supplemental briefing addressing the Court's concerns regarding why the appointment of a guardian ad litem was not necessary. (Dkt. Nos. 15, 17).[2] Plaintiffs noted that none of the minors reported any injury, none received any sort of medical evaluation or treatment, and each were observed by their parents to have been uninjured and to have remained asymptomatic. (Dkt. No. 17 at 2). Plaintiffs further represented that no attorney's fees and no case expenses would be charged against the minors' negotiated settlement amount of $1,000. (Dkt. No. 17 at 3).

On September 4, 2026, the Court ordered Plaintiffs' counsel to file a copy of the proposed settlement agreement and settlement statement for each plaintiff. (Dkt. No. 18). On September 16, 2026, Plaintiffs filed their Notice of Sealed Filing and Settlement Agreement and Settlement Statement. (Dkt. Nos. 19, 22, 23, 24).[3] The Court noted, however, that the filing did not include the settlement statement. (*Id.*). Further, Plaintiffs represented that the amount each minor would receive was $1,000. (*Id.*). However, the Release and Indemnification Agreement for Minor Plaintiff B.C. stated, "FOR AND IN

[2] Plaintiffs' original briefing, (Dkt. No. 15), was not filed under seal, despite including the full names of the minor plaintiffs. (*Id.*). The Undersigned ordered the filing be placed under seal. (Dkt. No. 16). Plaintiffs thereafter filed their "First Amended Sealed Supplemental Briefing," (Dkt. No. 17), which was identical in all respects to the original filing, save for now using the minor plaintiffs' initials, instead of full names.

[3] Although Dkt. No. 19 included the settlement agreement for the two adult plaintiffs and the three minor plaintiffs, the plaintiffs elected to refile the agreement as to each minor plaintiff separately as well. (*Compare* Dkt. Nos. 19-3, 19-4, 19-5 *with* Dkt. Nos. 22, 23, 24).

CONSIDERATION OF the sum of **One Hundred Thousand and 00/100 Dollars ($1,000)** . . . ." (Dkt. Nos. 19-3 at 1, 22 at 1) (emphasis in original). The parties were thereafter ordered to re-file corrected proposed settlement agreements, as well as the settlement statement. (Dkt. No. 26).

On October 14, 2026, the parties filed the requested paperwork, which included the corrected settlement agreements for the three minor plaintiffs and the settlement statements for all five plaintiffs. (Dkt. No. 27).

## II. LEGAL STANDARD

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Advert., L.P.*, 441 F. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). When determining whether a proposed settlement should be approved, courts should evaluate whether the "proposed settlement is . . . 'fair, adequate, and reasonable and . . . not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

## III. DISCUSSION

At the hearing on October 28, 2026, the Parties presented their Motion Advising the Court of Full Settlement and Request to Approve Minor Settlements and Waive Formal Friendly Suit Hearing, as well as a disbursement breakdown. (Dkt. Nos. 9, 11, 15, 17, 19-1, 19-2, 27). Under the terms of the agreement, the total settlement amount to be received by Plaintiffs is $395,000. (Dkt. Nos. 27-1, 27-2, 27-4, 27-6, 27-8). Plaintiffs Victor Manuel Cruz, Jr., and Belinda Cruz will each receive $196,000. (Dkt. Nos. 27-1, 27-2). The three minor Plaintiffs will each receive $1,000. (Dkt. Nos. 27-4, 27-6, 27-8).

Regarding Victor Cruz, after collecting 40% for attorney's fees ($78,400.00),

$75,775.00 in medical expenses,[4] $625 in mediation expenses, and $200 in case expenses, net proceeds to Victor Cruz is approximately $41,000.00. (Dkt. Nos. 19-1, 27-1).

For Belinda Cruz, after collecting 40% for attorney's fees ($78,400.00), $67,725.00 in medical expenses,[5] $625 in mediation expenses, and $200 in case expenses, net proceeds to Belinda Cruz is approximately $49,050.00. (Dkt. Nos. 19-2, 27-2).

Minor Plaintiff B.C. will receive $1,000. (Dkt. Nos. 9 at 1, 11 at 1, 15 at 2, 17 at 2, 27-3, 27-4).[6] Counsel for B.C. is waiving any and all attorney's fees and expenses incurred on behalf of the minor Plaintiff. (Dkt. Nos. 15 at 3, 17 at 3; Hr'g at 1:08). Additionally, B.C. did not suffer any physical injuries, nor did B.C. require any additional medical treatment as a result of the collision. (Dkt. Nos. 15 at 2, 17 at 2; Hr'g at 1:13). Therefore, net proceeds to minor Plaintiff B.C. will be $1,000. (Dkt. No. 27-3, 27-4). The net proceeds for B.C. will be deposited into the Registry of the Court until the minor Plaintiff reaches the age of 18. (Hr'g at 1:08).

Minor Plaintiff Z.C. will receive $1,000. (Dkt. Nos. 15 at 2, 17 at 2, 19-4, 24, 27-5, 27-6).[7] Counsel for Z.C. is waiving any and all attorney's fees and expenses incurred on behalf of the minor Plaintiff. (Dkt. Nos. 15 at 3, 17 at 3; Hr'g at 1:08). Additionally, Z.C. did not suffer any physical injuries, nor did Z.C. require any additional medical treatment as a result of the collision. (Dkt. Nos. 15 at 2, 17 at 2; Hr'g at 1:13). Therefore, net proceeds to minor

---

[4] At the hearing on October 28, 2026, Plaintiffs' counsel stated that the $75,775.00 in medical expenses represented the final amount. (Hr'g at 1:05).

[5] At the hearing on October 28, 2026, Plaintiffs' counsel stated that the $67,725.00 in medical expenses represented the final amount. (Hr'g at 1:06–1:07).

[6] As noted above, the original release and indemnification agreement incorrectly listed the settlement amount for Plaintiff B.C. at one hundred thousand dollars. (*See* Dkt. Nos. 19-3, 22). This was corrected with Plaintiffs' subsequent filing. (*See* Dkt. No. 27-3).

[7] Plaintiffs' original notice of settlement to the Court incorrectly indicated Z.C.'s settlement amount would be $500.00. (*See* Dkt. Nos. 9 at 1, 11 at 1).

Plaintiff Z.C. will be $1,000. (Dkt. No. 27-5, 27-6). The net proceeds for Z.C. will be deposited into the Registry of the Court until the minor Plaintiff reaches the age of 18. (Hr'g at 1:08).

Minor Plaintiff L.C. will receive $1,000. (Dkt. Nos. 9 at 2, 11 at 2, 15 at 2, 17 at 2, 19-4, 23, 27-7, 27-8). Counsel for L.C. is waiving any and all attorney's fees and expenses incurred on behalf of the minor Plaintiff. (Dkt. Nos. 15 at 3, 17 at 3; Hr'g at 1:08). Additionally, L.C. did not suffer any physical injuries, nor did L.C. require any additional medical treatment as a result of the collision. (Dkt. Nos. 15 at 2, 17 at 2); Hr'g at 1:13). Therefore, net proceeds to minor Plaintiff L.C. will be $1,000. (Dkt. No. 27-7, 27-8). The net proceeds for L.C. will be deposited into the Registry of the Court until the minor Plaintiff reaches the age of 18. (Hr'g at 1:08).

The Court received and reviewed all the information provided by the Plaintiffs, (Dkt. Nos. 9, 11, 15, 17, 19, 22, 23, 24, 27), that would be relevant to the Court's determination of whether the proposed settlement is in the best interest of the minor Plaintiffs. For the reasons stated on the record, the Undersigned found that the terms of the settlement were fair and reasonable regarding the minor plaintiffs, that there was no conflict of interest for the next of friend to represent the minor plaintiffs, and that the settlement agreements were in the best interest of each minor plaintiff. (Hr'g at 1:14). Accordingly, the Undersigned found that the appointment of a guardian ad litem was not necessary. (Hr'g at 1:14).

Plaintiff Belinda Cruz testified under oath that her children, minor Plaintiffs B.C., Z.C., and L.C., did not suffer any physical injuries as a result of the automobile collision. (Hr'g at 1:13). Ms. Cruz further testified that she was satisfied with her lawyer's representation of her in this matter. (Hr'g at 1:13). Ms. Cruz stated that she did not have any questions or concerns about the settlement or settlement agreement. (Hr'g at 1:13). The terms of the settlement agreement were explained to Ms. Cruz by her lawyer. (Hr'g at 1:13). Ms. Cruz had the opportunity to have any of her questions answered by her lawyer. (Hr'g at 1:13).

Ms. Cruz understood that she does not have to accept the settlement agreement and could go to trial to determine how much money her and the minor Plaintiff might be entitled to receive. (Hr'g at 1:13). It is Ms. Cruz's decision to settle the case rather than go to trial. (Hr'g at 1:14). Ms. Cruz testified that she believed the settlement was in the best interest of her children. (Hr'g at 1:12). Ms. Cruz is asking the Court to approve the settlement claims on behalf of the minor Plaintiffs. (Hr'g at 1:14).

## IV. FINDINGS AND RECOMMENDATIONS

After independent review of the relevant pleadings (Dkt. Nos. 9, 11, 15, 17, 19, 22, 23, 24, 27), as well as the representations made by the Parties at the hearing, the Undersigned **FINDS** that the proposed settlement agreements are fair, reasonable, and in the minor Plaintiffs' best interest. The Undersigned further **FINDS** that the appointment of a guardian ad litem is not necessary. The Undersigned further **FINDS** that placing the settlement of the minor Plaintiffs into the Registry of the Court is in the best interest of the minor Plaintiffs.

Based on the foregoing, it is **RECOMMENDED** that the District Court **ACCEPT** the Undersigned's findings that the proposed settlement agreement is fair, reasonable, and in the best interest of the minor Plaintiffs B.C., Z.C., and L.C.

It is further **RECOMMENDED** that the District Court **ACCEPT** the Undersigned's findings that the minor Plaintiffs' interests have been adequately protected and that the appointment of a guardian ad litem is not necessary

It is further **RECOMMENDED** that the District Court **ACCEPT** the Undersigned's findings that placing the settlement of the minor Plaintiffs into the Registry of the Court until the minor Plaintiffs attain the age of 18 is in the best interest of the minor Plaintiffs.

It is further **RECOMMENDED** that the District Court **APPROVE** the proposed settlement agreement as it pertains to minor Plaintiffs B.C., Z.C., and L.C. (Dkt. Nos. 27-3, 27-5, 27-7).

**V. PARTIES' WAIVER OF RIGHT TO FILE OBJECTIONS**

At the close of the hearing, Plaintiff, minor Plaintiffs, and Defendants through their respective counsel, were advised that they had fourteen days to object to the Undersigned's Report and Recommendation. (Hr'g at 1:15). The Parties thereafter orally waived their right to object to this Report and Recommendation and requested that the District Court accept the findings and recommendations in this report. (Hr'g at 1:15). Therefore, the District Court may act on this Report immediately.

**SIGNED** on October 28, 2026.

Brian C. Bajew
United States Magistrate Judge